# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41138
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 27, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON PAUL NINO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-156-2

Before BENAVIDES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jason Paul Nino challenges the 240-month sentence of imprisonment imposed following his convictions for conspiracy to possess with intent to distribute methamphetamine and for possession with intent to distribute methamphetamine. *See* 21 U.S.C. §§ 841, 846. According to Nino, the sentence, which is below the sentencing guidelines advisory range, is greater than necessary to accomplish the objectives of 18 U.S.C. § 3553(a) because it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41138

fails to take into account his personal circumstances and characteristics, specifically that his criminal history is composed primarily of misdemeanor offenses that resulted from his abusive childhood and drug addiction.  He also contends that his sentence is unreasonable because the district court declined to run it fully concurrently with a prior sentence.

Because Nino did not object to the reasonableness of his sentence in the district court, we review only for plain error.  *E.g.*, *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Under that standard, Nino must show a clear or obvious error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes this showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*  Although Nino claims an objection is unnecessary to preserve a substantive unreasonableness challenge, he recognizes our precedent to the contrary, *e.g.*, *Peltier*, 505 F.3d at 391-92, and raises this issue only to preserve it for possible further review.  Nino fails to show a clear or obvious error, but his claim would fail even were we to review for abuse of discretion. We presume that a below-guidelines sentence is reasonable.  *United States v. Hawkins*, 866 F.3d 344, 350 (5th Cir. 2017).

The district court considered Nino's arguments in mitigation, the § 3553(a) factors, and the Guidelines, and concluded that the 240-month, below-guidelines sentence was appropriate in light of Nino's extensive criminal history and the seriousness of the instant drug offense.  Nino's assertion that the district court should have sentenced him more leniently reflects only his disagreement with the district court's weighing of the § 3553(a) factors and the resulting sentence.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  He fails to show that his sentence does not take into account a factor that should receive significant weight, gives significant weight to an irrelevant

2

or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment is AFFIRMED.